```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                               *
DAVID A. ROBERTS,
                               *
     Plaintiff,
                               *
v.                                         CIVIL NO.: WDQ-04-2039
                               *
JOHN NICHOLAS, et. al,
                               *
     Defendants.
                               *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

David A. Roberts, *pro se*, has sued the Maine Department of Health and Human Services (the "DHHS"), John Nicholas, Commissioner of the DHHS, and six other DHHS employees individually and in their official capacities, for civil rights violations under 42 U.S.C. § 1983. Pending is Roberts's unopposed motion for reconsideration of the Court's January 26, 2007 Order dismissing the Complaint (Paper No. 40, the "Order"). For the following reasons, the motion will be denied.

I.  Background

On July 1, 2004, Roberts filed his Complaint, claiming that the Defendants' conduct in pursuit of arrearages under a Maine court's 1981 child support order (the "Maine Support Order") violated the Full Faith and Credit Clause of Article IV, the Fourth Amendment, the Due Process Clauses of the Fifth and

Fourteenth Amendments, and the Full Faith and Credit for Child Support Orders Act (the "FFCCSOA"), 28 U.S.C. § 1738B.

On September 9, 2006, the Defendants moved to dismiss the Complaint arguing, *inter alia*, that Roberts failed to state a claim upon which relief can be granted.  Paper No. 36.  For reasons stated in the accompanying Memorandum Opinion (Paper No. 39, the "Opinion"), the Court's Order dismissed the Complaint with prejudice for failure to state a claim under Rule 12(b)(6).

The factual and procedural history is further described in the Court's Opinion.  Opinion 1-5.

## II.  Discussion

Roberts seeks reconsideration, arguing that:

(1) dismissal was improper because there is a factual dispute over whether the Maine court intended for the Maryland court to modify the Maine Support Order;

(2) although the Maryland court could not supersede the Maine Support Order, it could still modify the order;

(3) the Court's Order violates the FFCCSOA;

(4) the Court's Order violates the *Rooker-Feldman* doctrine, the "Doctrine of Dismissal With Prejudice," and the doctrine of *res judicata*;

(5) the Court's Order violates the clean-hands doctrine; and

(6) the Court's dismissal with prejudice was inappropriate

and manifestly unjust.

A. Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 59(e), a court may grant a motion for reconsideration to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir. 2005).

A court may amend a final judgment under Rule 60(b) because of, *inter alia*: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

B. Analysis

1. Intent to Modify the Support Order

Roberts argues that the Court's dismissal for failure to state a claim was improper because if, as he alleges, the Maine court intended for the Maryland court to modify the Maine Support Order, then the Defendants' collection efforts to enforce a superseded support order would support his civil-rights claims.

As explained in the Opinion, as a matter of law, the

Maryland state court's support orders could not have superseded the Maine Support Order. Opinion 8-9.

2. The Power to Supersede versus Modify

Roberts follows with a semantic argument that the word "modify" has a different meaning than "supercede;" thus, he argues, the statute- and case-law that precludes the supersession of a state's child support orders by the courts of another state does not determine whether one state's court may modify the order of another.

To the extent that an order is modified, it is superseded, nullified, and otherwise deprived of effect. A prohibition against supersession or nullification thus necessarily precludes any modification.

3. FFCCSOA

Roberts argues that the Court's determination that the Maine Support Order remains in effect violates the FFCCSOA. Roberts contends that the DHHS consented to the Maryland court assuming exclusive jurisdiction over the Maine Support Order when it filed its March 1982 petition to enforce the order in Maryland, thus granting the Maryland court the power to modify the Maine Support Order under 28 U.S.C. § 1738B(a)(2) and (e)(2)(B); Def.'s Mot. to Dismiss Ex. D (the "Petition").

Roberts's argument is without merit.  Even if, as he alleges, the Petition to enforce the Maine Support Order could be characterized as a consent to Maryland assuming exclusive jurisdiction, which is by no means evident in the document,[1] and the FFCCSOA, enacted in 1994, would apply retroactively to the DHHS's 1982 Petition, the Maryland court still would have lacked the power to modify the Maine Support Order because the Maine Support Order was never registered in Maryland for that purpose pursuant to 28 U.S.C. § 1738B(i).

4.  The *Rooker-Feldman* Doctrine, the "Doctrine of Dismissal With Prejudice," and *Res Judicata*

Roberts argues that the Court's Order dismissing his civil rights claims with prejudice violates the *Rooker-Feldman* doctrine because it would reverse the 2001 Maryland court order dismissing the DHHS's action to enforce the Maine Support Order under the Uniform Interstate Family Support Act ("UIFSA"), Md. Code Ann., Fam. Law §§ 10-301 to -359.  Roberts contends that the Defendants' motion to dismiss his Complaint was "a disguised appeal of the final and dispositive Maryland State Court Judgment."  Mot. for Recon. 10.  Similarly, he contends that, by dismissing his civil rights claims, the Court has "incorporated

---

[1] Roberts alleges the DHHS's prayer for "such sums per child per month as would be deemed fair and reasonable" gives such consent.  Petition 2.

5

[the DHHS's UIFSA] claim into its Memorandum Opinion and Order, in violation of the Doctrine of Dismissal With Prejudice," and *res judicata.*

"[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision." *Davani v. Va. Dep't of Transp.,* 434 F.3d 712, 713 (4th Cir. 2006). This action was not brought by the DHHS to enforce the Maine Support Order; rather, Roberts is the instigator of this action, claiming that Maine's collection efforts violate his civil rights. As explained in the Opinion, the Maryland court's dismissal of the 2001 UIFSA action had no effect on the power of the Maine Support Order. Opinion 10-12. The Court's determination that the Defendants' efforts to collect on a valid Maine Support Order do not violate Roberts's civil rights has no effect on the finality of the Maryland court's judgment on the DHHS's UIFSA action.

5. The Clean-Hands Doctrine

Roberts contends that the Court's Opinion violates the clean-hands doctrine because it does not address his allegations that the Defendants made "several misleading, reckless and false assertions of fact," and used "illegal and extortionate collection tactics and threats." Mot. for Recon. 11 (*quoting*

6

Compl. ¶¶ 51, 81).

The clean-hands doctrine is a defense to a plaintiff's request for equitable relief, founded on the ancient maxim that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945). The doctrine plainly cannot be invoked by a plaintiff to bolster his own claims under a federal statute. Furthermore, Roberts's conclusory allegations of lies, threats, and extortion are based his erroneous conclusion that the Maine Support Order was no longer valid, and the Defendants' ensuing collection attempts were illegal.

6. Dismissal with Prejudice Inappropriate and a Manifest
    Injustice

Roberts argues that the Court's dismissal for failure to state a claim under Rule 12(b)(6) was inappropriate because he has ample evidence to support his allegations, and the Court should have granted him leave to amend the Complaint to properly state his claims. He further argues that the Court's Order is manifestly unjust because it "denies [him] the legal remedies to which he is entitled as a citizen of the United States of America."

The Order to dismiss with prejudice was appropriate because Roberts's claims are all based on the erroneous assumption that

7

he has no further obligation under the Maine Support Order.  The Court has explained, as a matter of law, that the Maine Support Order is valid and has not been superceded or modified by any of the Maryland court orders related to its enforcement.  Opinion 7-12.  No amendment to the Complaint could overcome its legal defect, and finding that the Defendants' efforts to collect overdue child-support payments are justified works no manifest injustice.

III. Conclusion

    For the reasons stated above, Roberts's arguments fail to justify reconsideration of the Court' Order.  Accordingly, his motion will be denied.


<u>April 20, 2007</u>                        <u>        /s/                </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge